<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

JESSIE HOLLOMAN,                                  :
                                                  :
      Plaintiff,                          :           Civil Action No. 14-589 (SRC)
                                                  :
      v.                                  :           **OPINION**
                                                  :
COMMISSIONER OF SOCIAL                            :
SECURITY,                                          :
                                                  :
      Defendant.                          :
_____:

<u>**CHESLER, District Judge**</u>

      This matter comes before the Court on the appeal by Plaintiff Jessie Holloman ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act").  This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

      In brief, this appeal arises from Plaintiff's application for disability insurance and supplemental security income benefits, alleging disability beginning November 30, 2007.  A hearing was held before ALJ Donna A. Krappa (the "ALJ") on October 25, 2010, and the ALJ issued a partially favorable decision on February 16, 2011, finding that Plaintiff had been disabled as of February 17, 2011, but not before.  Plaintiff sought review of the decision from the Appeals Council, which remanded the case to the ALJ, who held a supplemental hearing on November 8, 2012, and issued a decision on March 26, 2013.  In the second decision, the ALJ

found the same date of onset of disability as previously determined.  After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of March 26, 2013, the ALJ examined the period prior to February 17, 2011 and, in short, found that, at step three, Plaintiff did not meet or equal any of the Listings during this period.  At step four, the ALJ found that, during this period, Plaintiff retained the residual functional capacity to perform light work, as long as the jobs are unskilled and repetitive, as well as low stress.  At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform his past relevant work as a machine operator or warehouse worker.  At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity.  The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act during the period prior to February 17, 2011.

At issue in this appeal, then, is the ALJ's determination that Plaintiff had not been disabled prior to February 17, 2011.  Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on three grounds: 1) the Commissioner's step three finding is beyond judicial review; 2) the residual functional capacity determination at step four is not based on substantial evidence; and 3) the hypothetical presented to the vocational expert at step five did not include all limitations.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the

issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine.  As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination.  The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."  Id.  In such a case, "the claimant has the 'burden' of showing that an error was harmful."  Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful.  At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability.  In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

In the instant case, Plaintiff has not even attempted to show how the ALJ's alleged errors were harmful to him.  Rather, while Plaintiff has attempted to persuade that the ALJ did not follow the law, he has not gone any further.

Plaintiff first argues that the ALJ's step three determination is beyond judicial review. The gist of Plaintiff's lengthy discussion of the decision at step three is that the ALJ did not discuss whether Plaintiff's impairments, in combination, were medically equivalent to a Listed impairment.  Plaintiff appears to take the position that the ALJ must state every combination of

impairments that were compared, and every Listing each combination was compared to. Plaintiff cites no authority for this position, nor does this Court know of any. It is certainly true that, throughout the five step process, the ALJ is obligated to consider all of the alleged impairments individually and in combination. 42 U.S.C. § 423(d)(2)(B). The Third Circuit, however, "does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004).

Moreover, under Shinseki, even if Plaintiff succeeded in persuading that the ALJ erred in failing to adequately consider all impairments in combination, Plaintiff also bears the burden of showing that this error was harmful, and Plaintiff has not done so. To show that such an error was harmful, Plaintiff would need to, at a minimum, point to evidence of record that might have sustained his burden of proof of disability. At a minimum, again, he would need to explain which impairments, combined, should have been found to be medically equivalent to what Listing. Plaintiff's moving brief does no more than point to various bits from Plaintiff's medical history, contending that the ALJ's stated analysis does not sufficiently address them. Conspicuously absent from the brief is any statement of what Listing Plaintiff contends he meets or equals. Plaintiff does not show how the evidence of record supports a different determination at step three.

Plaintiff fails to explain how the step three analysis might have been performed differently so as to make a material difference in the disability determination.[1] This Court is not

---

[1] The Third Circuit has stated:

It has been oft-noted that "Judges are not like pigs, hunting for truffles buried in the record." And this Court has frequently instructed parties that they bear the responsibility to comb the record and point the Court to the facts that support their

persuaded that the step three analysis was inadequate but, even if it was defective, given that Plaintiff has made no case on appeal that he met his burden of proof at step three, such defects could not be more than harmless error.  Plaintiff has not even pointed to the Listing that he claims to have met or equaled, much less pointed to evidence of record that might have supported such a determination.  As such, Plaintiff has failed to persuade that any possible errors at step three materially harmed him.  As in Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005), "a remand is not required here because it would not affect the outcome of the case."

Plaintiff next argues that, at step four, the ALJ's residual functional capacity determination is not supported by substantial evidence.  Again, however, Plaintiff's brief does little more than mock the ALJ's decision.  As discussed, at step four, Plaintiff bears the burden of proof, as well as the burden of showing that any error was harmful.  At no point does Plaintiff explain how the evidence of record might have justified a different residual functional capacity determination.

In discussing the residual functional capacity determination, Plaintiff does not dispute the finding, as to exertional capacity, that Plaintiff retained the residual functional capacity to perform light work.  As to the limitations in non-exertional capacity, Plaintiff mocks the ALJ's decision, but points to no evidence that could support a different determination.

The ALJ devoted five single-spaced pages to the residual functional capacity determination.  As to the exertional limitations, the ALJ pointed to the opinion of Dr. Schneider.

---

arguments.

United States v. Claxton, 766 F.3d 280, 307 (3d Cir. 2014) (citations omitted).  Plaintiff has not taken heed of this guidance.

5

(Tr. 323-330.)  In the decision, the ALJ defined light work specifically, and the ALJ's definition tracks the findings of Dr. Schneider exactly.  (Tr. 324.)  Dr. Schneider's opinion constitutes substantial evidence supporting the limitation of Plaintiff's residual functional capacity to the performance of light work, as specifically defined in the ALJ's decision.  As to non-exertional limitations, the ALJ pointed to the opinion of Dr. Shapiro.  (Tr. 388-405.)  Dr. Shapiro performed a mental residual functional capacity assessment.  (Tr. 402-404.)  In the narrative section of the report, Dr. Shapiro states the following conclusion:

> The preponderance of evidence indicate [sic] that CL is able to understand and follow simple instructions.  He is able to respond appropriately to supervision in a low contact work setting.  He is able to attend and concentrate sufficiently to complete tasks.  He can adapt to the workplace.

(Tr. 404.)  Dr. Shapiro's opinion constitutes substantial evidence supporting the limitation of Plaintiff's residual functional capacity to the performance of repetitive, low stress jobs.

Lastly, Plaintiff contends that the hypothetical presented to the vocational expert at step five did not include all the limitations supported by the record.  Crucially, Plaintiff's brief does not point to any specific limitation which, he contends, was omitted from the hypothetical.  Plaintiff's argument is entirely non-specific.

The record contains the transcript of the examination of the vocational expert at the hearing, and it reflects that the ALJ presented the expert with two hypotheticals.  (Tr.  896-898.)  The first hypothetical proposed a limitation of residual functional capacity to performance of jobs involving light work, but with no mental limitations, while the second included mental limitations to "simple and unskilled and low stress jobs."  (Tr. 897.)  The expert testified that, given these limitations, there are jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past

6

work experience, and residual functional capacity.  (Id.)

The Third Circuit requires that, at step five, "the ALJ must accurately convey to the vocational expert all of a claimant's credibly established limitations."  Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005).  The second hypothetical presented to the expert accurately conveyed all of Plaintiff's credibly established limitations.  The ALJ did not err in her construction of the hypothetical.

Plaintiff has failed to persuade this Court that the ALJ erred in her decision, or that he was harmed by any errors.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.


   s/ Stanley R. Chesler     
STANLEY R. CHESLER, U.S.D.J.

Dated: March 25, 2015